IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff

v.                                              Civil No. 04-1176-WEB

JOE D. MILLS and
PATRICIA A. MILLS; and
FIRST NATIONAL BANK OF OMAHA,

Defendants

## JOURNAL ENTRY OF DEFAULT JUDGMENT AND FORECLOSURE

Now on this 18th day of May, 2005, this matter comes before the Court for entry of judgment. The United States appears by Connie R. DeArmond, Assistant United States Attorney for the District of Kansas. There are no other appearances.

The court, upon examining its files and pleadings therein, finds:

1. The Complaint in this action was filed on June 2, 2004. On June 24, 2004 an Amended Complaint was filed correcting the named defendants and Exhibit G. The Court has subject matter jurisdiction of this matter and jurisdiction over the parties and the real estate that is the subject of this action.

2. A Notice of Lawsuit and Request for Waiver of Service of Summons and a copy of the complaint was served on defendant Patricia A. Mills by mail on June 24, 2004, in accordance with Rule 4(d) of the Federal Rules of Civil Procedure. The Waiver of Service of Summons was signed by defendant Patricia A. Mills on July 2, 2004. Service is hereby approved by the court.

3. A Notice of Lawsuit and Request for Waiver of Service of Summons and a copy of the complaint was served on defendant First National Bank of Omaha by mail on June 24, 2004, in accordance with Rule 4(d) of the Federal Rules of Civil Procedure. The Waiver of Service of Summons was signed by Russel N. Barrett, Attorney for defendant First National Bank of Omaha on July 16, 2004. Service is hereby approved by the court.

4. Defendant Joe D. Mills was noticed with this lawsuit through publication of a Notice of Suit published in the Goodland Star News. Service is hereby approved by the Court.

5. The United States has caused to be published in the *Goodland Star-News*, a weekly newspaper of general circulation in Sherman County, Kansas, once a week for six consecutive weeks, a Notice of Suit directed to defendant Joe D. Mills; said notice being in all respects in compliance with the Federal Rules of Civil Procedure and sufficient to give due notice to such person.

6.   Plaintiff has no information to indicate that the defendants named herein are infants or incompetent persons.   The United States' Attorney's Office for the District of Kansas has accessed the Defense Manpower Data Center (DMDC) and was informed by the DMDC that defendants Joe D. Mills and Patricia A. Mills are not on active military duty within the purview of the Soldiers' and Sailors' Relief Act of 1940 <u>as amended</u>.

7.  Defendants Joe D. Mills, Patricia A. Mills and First National Bank of Omaha have failed to answer or otherwise appear and are in default.

8.  Bruce & Tina Gleason, on or about March 3, 1988, made and executed two Promissory Notes to plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, in the amounts of $7,000.00 and $16,600.00, with interest thereon at the rate of 9-1/2 percent per annum.

9.  Bruce & Tina Gleason, to secure the payment of the Promissory Notes described in paragraph 7 above, did on or about March 3, 1988, execute and deliver to the plaintiff a purchase-money security interest in the form of a real estate mortgage upon certain real estate in Sherman County, Kansas, to wit:

> The South Fifty-four Feet (S 54') of Lot Seven (7) and the North Fourteen Feet (N 14') of Lot Eight (8), in Block Five (5), in the Kohler First Addition to the City of Goodland, Kansas, according to the recorded plat thereof.

The mortgage was recorded in the office of the Register of Deeds of Sherman County, Kansas on July 5, 1988.

10.  On or about January 6, 1993, Jamie L. Johnson, executed and delivered to the plaintiff an assumption agreement whereby Jamie L. Johnson agreed to assume jointly and severally the entire unpaid indebtedness under the promissory notes and real estate mortgage described herein at paragraphs 8 and 9, respectively.  Jamie L. Johnson further agreed that the provisions of the promissory notes and real estate

mortgage would remain in full force and effect, except as modified in the assumption agreement, and Jamie L. Johnson agreed to assume the obligations of and agreed to be bound by and to comply with all covenants, agreements and conditions contained in the promissory notes and real estate mortgage, except as modified in the assumption agreement, the same as if he had executed them as of the dates thereof as principal obligors.

11.  Jamie L. Johnson, on or about January 6, 1993, made and executed a Promissory Note to plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, in the amount of $23,200.00, with interest thereon at the rate of 7-3/4 percent per annum.

12.  Jamie L. Johnson, to secure the payment of the Promissory Note described in paragraph 11 above, did on or about January 6, 1993, execute and deliver to the plaintiff a purchase-money security interest in the form of a real estate mortgage upon the real estate in described in paragraph 9 above.  The mortgage was recorded in the office of the Register of Deeds of Sherman County, Kansas on January 6, 1993.

13.  On or about January 28, 1994, defendants Joe D. Mills and Patricia A. Mills, executed and delivered to the plaintiff an assumption agreement whereby Joe D. Mills and Patricia A. Mills agreed to assume jointly and severally the entire unpaid indebtedness under the promissory notes and real estate mortgages described herein at paragraphs 8, 9, 11 and 12, respectively.  Defendants Joe D. Mills and Patricia A. Mills further agreed that the provisions of the promissory notes and real estate mortgages would remain in full force and effect, except as modified in the assumption agreement, and defendants Joe D. Mills and Patricia A. Mills agreed to assume the obligations of and agreed to be bound by and to comply with all covenants, agreements and conditions contained in the promissory notes and real estate mortgages, except as modified in the assumption agreement, the same as if they had executed them as of the dates thereof as principal obligors.

14.  Defendants Joe D. Mills and Patricia A. Mills on or about January 28, 1994, made and executed a Promissory Note to plaintiff, acting through the Farmers Home Administration, now Rural

3

Housing Service (RHS), United States Department of Agriculture, in the amount of $4,330.00, with interest thereon at the rate of 6.5 percent per annum.  As consideration for the note, the plaintiff made a Rural Housing loan to Joe D. Mills and Patricia A. Mills pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.).

15.  Defendants Joe D. Mills and Patricia A. Mills, to secure the payment of the Promissory Note described in paragraph 14 above, did on or about January 28, 1994, execute and deliver to the plaintiff a real estate mortgage upon certain real estate in Sherman County, Kansas, to wit:

> The South Fifty-four Feet (S 54') of Lot Seven (7) and the North Fourteen Feet (N 14') of Lot Eight (8), in Block Five (5), in the Kohler First Addition to the City of Goodland, Kansas, according to the recorded plat thereof.

The mortgage was recorded in the office of the Register of Deeds of Sherman County, Kansas on January 28, 1994 and constitutes a first and prior lien on the afore described property.

16.  Plaintiff is the owner and holder of the promissory notes real estate mortgages and assumption agreements described in paragraphs 8, 9, 10, 11, 12, 13, 14 and 15, above.

17.  Defendants Joe D. Mills and Patricia A. Mills have failed to pay plaintiff installments of principal and interest when due in violation of the provisions of the note and mortgage.  The plaintiff has accelerated the indebtedness and made demand for payment in full.  Payment has not been received.

18.  There is currently due and owing plaintiff, under the provisions of the promissory notes,  real estate mortgages and assumption agreements, a balance of $43,855.38 principal; $4,542.31 interest as of March 26, 2004, plus interest accruing thereafter at the daily rate of $7.8098 on principal.

19.  No other action has been brought for the recovery of the amount owed, nor any part thereof been paid except as indicated above.

20. The plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq. and all rules and regulations issued pursuant thereto.

21. The interests of the defendants herein are junior and inferior to the interests of plaintiff.

22. Less than one-third (1/3) of the original indebtedness secured by the mortgages was paid prior to default.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the findings of this court are hereby made the order of this court.

IT IS FURTHER ORDERED that the United States is granted in rem judgment against defendant Joe D. Mills and judgment against Patricia A. Mills in the principal sum of $43,855.38, plus $4,542.31 interest, as of March 26, 2004, plus interest accruing thereafter at the daily rate of $7.8098; plus administrative costs of $616.64, plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2), plus interest thereafter at the rate set forth in 28 U.S.C. § 1961, which is 3.35%, plus court costs and the costs of this action presently and in the future incurred.

IT IS FURTHER ORDERED that the United States is granted judgment foreclosing its mortgages on the real estate.

IT IS FURTHER ORDERED that in the event the judgment herein is not satisfied within ten (10) days of the filing of this journal entry, the Clerk shall, upon proper praecipe being filed by the United States, issue an order of sale on the judgment of foreclosure directing the United States Marshal to advertise and separately sell, with a three month right of redemption to defendants Joe Mills and Patricia Mills, subject to any unpaid real property taxes or special assessments, the real estate described herein at the front door of the Sherman County Courthouse, Goodland, Kansas, as though taken on execution and without appraisal, and subject to the confirmation of the sale by the Court, and out of the proceeds of the sale of the real property, the Clerk shall pay and satisfy in the following order, as far as the same shall be sufficient:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and of this action;

(3) The interest accruing on plaintiff's judgment against the defendants, Joe D. Mills and Patricia A. Mills;

(4) Plaintiff's in rem judgment against the defendant, Joe D. Mills and plaintiff's judgment against Patricia A. Mills; and

(5) The balance, if any, be brought into this Court to await its further order.

IT IS FURTHER ORDERED that the real property being foreclosed upon and sold herein be sold with a three month right of redemption in the defendants Joe D. Mills and Patricia A. Mills.

The United States Marshal, at his option, may employ the services of an auctioneer. In the event the United States Marshal does employ the services of an auctioneer, the auctioneer shall be paid from the proceeds of the sale.

IT IS FURTHER BY THE COURT ORDERED that the United States Marshal for the District of Kansas make and execute to the purchaser of the property at sale a Certificate of Purchase. At the expiration of the redemption period, the United States Marshal for the District of Kansas shall make and execute a good and sufficient Marshal's Deed for the property, and defendants herein, and all persons claiming by, through or under them, shall be forever barred and excluded of any and all right, title, estate, equity or interest in, claim to or lien upon or against the real estate or any part or portion thereof.

IT IS FURTHER ORDERED that the United States, should it be the successful bidder at the Marshal's Sale, may make payment through offset of its judgment and shall not be required to present cash unless its bid exceeds the amount of its judgment plus the interest due on the date of sale. In the event the bid of the United States exceeds the amount of its judgment plus the interest, it need only present cash for the excess thereof. A sale to the United States upon such payment shall be deemed a sale for cash.

IT IS FURTHER ORDERED that in the event any purchaser of the real property is denied possession thereof, a writ of assistance, upon the filing of a proper praecipe therefor, shall issue out of this court, placing the purchaser in peaceable possession thereof.

IT IS FURTHER ORDERED that if the proceeds of the Marshal's Sale do not satisfy plaintiff's judgment against the defendant Patricia A. Mills, plaintiff is hereby granted a deficiency judgment against the defendant Patricia A. Mills for any amount still owing on the judgment after the sale.

s/ Wesley E. Brown
WESLEY E. BROWN
UNITED STATES DISTRICT JUDGE

APPROVED BY:

ERIC F. MELGREN
United States Attorney


**s/Connie R. DeArmond**
CONNIE R. DeARMOND, Ks.S.Ct.No. 12984
Assistant U.S. Attorney
1200 Epic Center, 301 N. Main
Wichita, KS 67202
(316) 269-6481
(316) 269-6484 (FAX)
Connie.DeArmond@usdoj.gov